69 F.3d 533
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John Francis QUINN; Susan S. Quinn, Plaintiffs-Appellants,
v.
AMPHENOL CORPORATION; ALLIED SIGNAL, INC., Defendants-Appellees.
 No. 94-1631.
 United States Court of Appeals, Fourth Circuit.
 Argued: February 1, 1995.
Decided: October 26, 1995.
 
 ARGUED: James Hanjo Lengel, Columbia, SC, for Appellants. Charles Elford Carpenter, Jr., Richardson, Plowden, Grier & Howser, P.A., Columbia, SC, for Appellees. ON BRIEF: Cheryl F. Perkins, Perkins Law Firm, Columbia, SC, for Appellants. F. Barron Grier, III, Michael A. Pulliam, Deborah Harrison Sheffield, Richardson, Plowden, Grier & Howser, P.A., Columbia, SC, for Appellees.
 Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Appellants John and Susan Quinn (plaintiffs) brought suit against Amphenol and Allied Signal (Amphenol) on theories of negligence, trespass, and nuisance in the release by Amphenol's plant of trichloroethane (TCE) into the groundwater in and surrounding the plaintiffs' property. The jury returned a verdict for Amphenol. Plaintiffs appeal from the district court's denial of their motion for new trial, as well as several other issues. We affirm the district court's judgment for the defendants in all respects.
 
 I.
 
 2
 The facts surrounding the release by Amphenol's predecessor of TCE into the groundwater in and surrounding the WildeWood subdivision near Columbia, South Carolina, are reported in In re WildeWood Litigation, 52 F.3d 499 (4th Cir.1995). In that case, the appellants were eleven property owners who resided in the WildeWood subdivision, as the plaintiffs in the instant case do. The WildeWood plaintiffs sued Amphenol on theories of nuisance, trespass, and negligence. The district court in that case directed a verdict on the nuisance claim, and the jury found for Amphenol on the theories of trespass and negligence per se. In other words, the issues and the procedural determinations in the WildeWood case are virtually identical to those involved in the instant litigation, although the Quinns were not parties to the WildeWood litigation. Moreover, the alleged harms suffered by the Quinns, TCE levels above EPA and DHEC drinking-water-contamination levels, DHEC monitoring, a "no swimming" sign, and reduced property value, are substantially the same as those allegedly suffered by the WildeWood plaintiffs.
 
 
 3
 In WildeWood, we held that the district court had correctly removed the nuisance claim from the jury because the plaintiffs in that case had shown no evidence that Amphenol's release of TCE created a "substantial and unreasonable interference with the use and enjoyment" of plaintiffs' property. WildeWood, 52 F.3d at 503. After review of the record and after argument, we now affirm the district court's directed verdict to Amphenol in the instant case for the same reason.[1]
 
 
 4
 The Quinns have also challenged the district court's denial of their post-trial motion for new trial, claiming that the verdict for Amphenol was against the clear weight of the evidence. Amphenol argues that the Quinns have not preserved this challenge, because, although the Quinns' post-trial motion did request a new trial on the basis of the clear weight of the evidence, the Quinns' motion in open court for judgment as a matter of law at the close of the evidence was made on the basis of collateral estoppel and not sufficiency of the evidence. However, a motion for new trial need not be preceded by the same motion at the close of the evidence. Thus, the Quinns' post-trial motion for new trial was appropriate, and we review the district court's denial of the motion for abuse of discretion. Bristol Steel & Iron Works, Inc. v. Bethlehem Steel Corp., 41 F.3d 182, 186 (4th Cir.1994).
 
 
 5
 In WildeWood, the district court refused the plaintiffs' motions for judgment as a matter of law and for new trial on the claim of negligence per se, holding that the applicable South Carolina Department of Health and Environmental Control regulation did not create a standard of care sufficient to support the claim. We affirmed the denial of plaintiffs' motions, both for this reason and because we found that a jury could have determined that Amphenol did not violate the regulation in any event. See WildeWood, 52 F.3d at 502 and n. 2. For these same reasons, we affirm the district court's denial of plaintiffs' posttrial motion for new trial in this case.
 
 II.
 
 6
 The Quinns assign error to the district court's failure to declare a mistrial after a juror, who requested to be excused during the presentation of evidence at trial, intimated that she did not "think they will need my vote," and that she did not "believe they [the jury] are going to be of one mind. If there is going to be a requirement that we are unanimous, there could be a problem." Although the Quinns did not object or move for a mistrial in the course of this exchange or afterward, and, indeed, advised the court that they did not object, they argue that this premature deliberation on the part of the jury deprived them of "fundamental justice," Zolfaghari v. Sheikholeslami, 943 F.2d 451, 454 n. 2 (4th Cir.1991), and that we should review the district court's failure to declare a mistrial for fundamental error. See Stewart v. Hall, 770 F.2d 1267 (4th Cir.1985) ("[I]n very limited circumstances we may consider [an issue not raised at trial in a civil case] if the error is 'plain' and if our refusal to consider such would result in the denial of fundamental justice.").
 
 
 7
 We doubt, however, that the Quinns have described a situation where any error was committed at all, as required by Stewart for fundamental-error review. The district court and counsel for both sides devoted a substantial amount of time to the consideration of whether or not the juror's statements required any action, and all were agreed that they did not. Accordingly, we are of opinion that the Quinns waived any objection to the conduct of the juror in question or the possible premature deliberations of the remaining jurors.
 
 
 8
 In any event, even if the district court's failure to declare a mistrial or to take other action was error, such error was not fundamental. Reading the juror's statements in context, it is clear that she was concerned merely with the length of the trial and the potential length of the impending deliberations, and not that the jury had prematurely formed opinions or reached impasse.[2] Nothing in the juror's statements suggests that the jury had prematurely reached irreconcilable disagreement, and it is evident from the verdict itself that they did not do so. We therefore reject the Quinns' challenge to the district court's failure to declare a mistrial.
 
 The judgment of the district court is
 
 9
 AFFIRMED.
 
 
 
 [1]
 As in the WildeWood case, there was no evidence that the level of TCE on the Quinns' property was of toxicological concern or that anyone used any of the waters at issue in this litigation for drinking
 
 
 [2]
 We note that the juror's statements clearly suggested that she believed that unanimity might be difficult. If in fact the jury had formed premature opinions as the juror intimated, it is difficult to understand how they ultimately reached a verdict. In other words, even if the juror was correct in her belief that the jurors had formed and expressed opinions as to the merits of the claims as of the time the juror requested to be excused, it is now clear that some of those opinions were ultimately changed to reach the verdict. Accordingly, we think that the verdict is evidence that belies the Quinns' claim that fundamental injustice was done